Barbara J Snavely, Esquire (BJS5526)
Washington Professional Campus
900 Route 168, Suite I-4
Turnersville, NJ 08012
TEL (856) 228-7964 FAX (856) 228-7965
B_Snavely@comcast.net

_____   :    UNITED STATES BANKRUPTCY
In re:  Sharon Nastasi-Corcoran        :    DISTRICT OF NEW JERSEY
                                       :
_____:   CHAPTER 13 CASE NUMBER 23-10703 JNP

# CERTIFICATION IN SUPPORT OF MOTION TO PERMIT SALE OF REAL PROPERTY

Sharon Nastasi-Corcoran, Debtor, hereby certify as follows:

1. I am presently the co-administrator and beneficiary of real property located at 100 Vanderbilt Ave., Woodbury Heights, NJ 08097, which was owned by my mother at the time of her death on August 22, 2022. At that time Finance of America held a "reverse mortgage" on the property.

2. I had not been able to probate my mother's will and the mortgage company was foreclosing on the property. On January 27, 2023, I filed for relief under Chapter 13 of the Bankruptcy Code. At the time Finance of America was owed $201,422.71 and I believed the property had a value of $360,000.00.

3. My chapter 13 plan was confirmed on October 18, 2023 with payments in the amount of $450.00 for 36 months to pay all claims pending the sale of this real estate.

4. I had to file and Order to Show Cause in state court to be appointed administratrix of my mother's estate. My brother objected to the appointment so we were named co-administrators to allow the property to be listed for sale and avoid loss from foreclosure. The order naming us co-administrators requires the proceeds of the sale to be escrowed pending further determination in the state court. (State Court order attached as Exhibit)

5. I am seeking to sell the property to Manuel Octavio Paredes Bermejo and Araceli Jaimez Franco for a contract purchase price of $360,000.00. Manuel Octavio Paredes Bermejo and Araceli Jaimez Franco are not related to me in any manner. (Attached hereto please find a copy of the Contract for Sale of Property). I believe that the purchase price of $360,000.00 is fair, given the market conditions of comparable homes sold in the neighborhood.

6. I claimed an exemption under 11 U.S.C. §522(d)(1) on my petition in the amount of $27,900.00.

7.     I anticipate sale proceeds as follows:

|  |  |
|---|---:|
| | $ 360,000.00 |
| Less estimated closing costs | 36,000.00 |
| | $ 324,000.00 |
| Estimated mortgage payoff | 210,000.00 |
| *Net proceeds | $ 114,000.00 |
| | |
| Est. 100% plan payoff (to trustee) | $ 2,731.00 |
| Remainder to be escrowed pursuant To State Court Order: | $ 111,269.00 |

8.     The sale of the property will allow the trustee to pay off the all unsecured creditors as contemplated by the confirmed Chapter 13 plan. The payoff is minimal compared to the proceeds, and I believe this amount can and should be paid to the trustee from the sale so the bankruptcy can be paid off while my brother and I return to State court to determine the division of the proceeds in our mother's estate.

9.     Richard Bradford was appointed as realtor for this property by way of separate application and I request that realtor fees be paid pursuant to the contract at closing.

10.     I will provide the Trustee with the Closing Disclosure and amend Schedule J within 20 days of closing.

11.     I hereby certify that the foregoing statements made by me are true. I am aware that if they are wilfully false, I am subject to punishment.

DATED: 01/30/2024                                                              /s/ Sharon Nastasi-Corcoran
                                                                                                               Sharon Nastasi-Corcoran, Debtor